UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
                            :

JADIR E. FREITAS,                      :
                            :
                Plaintiff,    :
                            :
           -v-                  :
                            :
VALGINA COOPER,           :
                            :
                Defendant.  :
                            :
---------------------------------------------------------- X

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/5/2014

No. 13 Civ. 4566 (RA)

OPINION AND ORDER

RONNIE ABRAMS, United States District Judge:

       Plaintiff Jadir Freitas brings this action against defendant Valgina Cooper to recover for damage to his sunglasses allegedly incurred at a Transportation Security Administration ("TSA") checkpoint at LaGuardia Airport. Before the Court is Cooper's motion to substitute the United States as the defendant and to dismiss the case for lack of subject matter jurisdiction. The motion is granted in its entirety.

## BACKGROUND

       Cooper is employed by the TSA, which is a component of the United States Department of Homeland Security. (Simmons Decl. ¶¶ 2-3.) Since 2009, Cooper been assigned to the Customer Support and Property Recovery Office. (Id. ¶ 3.) In that capacity, she is responsible for "speaking with passengers about lost or damaged items, handling and logging all recovered items, and coordinating the return of lost items to passengers," as well as "instruct[ing] passengers on how to file a claim with TSA's Claims Management Branch." (Id.)

       On February 2, 2013 and February 14, 2013, Freitas contacted Cooper to complain that his sunglasses had been damaged as he was going through a TSA checkpoint. (Id. ¶ 4.)

Although Cooper attempted to give Freitas "information on the claim process so that he could file a claim related to his sunglasses," he refused her assistance. (Id.) Specifically, it appears that Cooper emailed Freitas a link to a website that would allow him to process a claim. (Freitas Aff. 6.) The TSA maintains a log of administrative tort claims filed with the TSA. (Grimes Decl. ¶¶ 1-2.) The log does not reflect that Freitas filed a claim. (Id. ¶ 3.)

Freitas instead brought an action against Cooper in New York City small claims court on April 23, 2013, seeking to recover $300.00 for the alleged damage to his sunglasses. (Dkt. No. 1, Notice of Removal, Ex. A.) The United States Attorney for the Southern District of New York certified that Cooper was acting within the scope of her employment with the TSA at the time of the incident (Tulis Decl., Ex. A), and the case was removed to federal court on July 1, 2013, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679(d)(2). The instant motion was filed shortly thereafter.

## DISCUSSION

### I. Motion to Substitute the United States as Defendant

The United States, not Cooper, is the proper defendant in this action. The FTCA permits "civil actions on claims against the United States, for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). With certain exceptions not applicable here, this remedy "is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim." Id. § 2679(b)(1).

The FTCA provides that any state court action against a federal employee shall be removed to federal court "[u]pon certification by the Attorney General that the defendant

employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose." Id. § 2679(d)(2).[1] The statute further provides that "[s]uch action or proceeding shall be deemed to be an action or proceeding brought against the United States[,] . . . and the United States shall be substituted as the party defendant." Id.

The Supreme Court, however, has held that "the Attorney General's certification that a federal employee was acting within the scope of his employment . . . does not conclusively establish as correct the substitution of the United States as defendant in place of the employee." Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 434 (1995). "A district court conducts a de novo review of a 28 U.S.C. § 2679(d) certification by the Attorney General (or his designee) if a plaintiff 'allege[s] with particularity facts relevant to the scope-of-employment issue.'" United States v. Tomscha, 150 F. App'x 18, 19 (2d Cir. 2005) (quoting McHugh v. Univ. of Vermont, 966 F.2d 67, 74 (2d Cir. 1992), abrogated on other grounds by Osborn v. Haley, 549 U.S. 225 (2007)). "The court must view the tortious conduct in the light most favorable to plaintiff, but it makes its own findings of fact with respect to the scope of the tortfeasor's employment and, in so doing, the court may rely on evidence outside the pleadings." Bello v. United States, 93 F. App'x 288, 289-90 (2d Cir. 2004) (citing McHugh, 966 F.2d at 74-75).

"In conducting such review, a district court applies state-law principles pertaining to when tortious conduct falls within the scope of a party's employment." Tomscha, 150 F. App'x at 19 (citing McHugh, 966 F.2d at 75). Under New York law, the fundamental question is "whether the act was done while the servant was doing his master's work, no matter how irregularly, or with what disregard of instructions." Riviello v. Waldron, 47 N.Y.2d 297, 302,

---

[1] Department of Justice regulations also authorize the "United States Attorney for the district where the civil action or proceeding is brought" to make this certification. 28 C.F.R. § 15.4(a).

391 N.E.2d 1278, 1281 (1979) (internal quotation marks omitted).  Factors relevant to this

determination include:

> [1] the connection between the time, place and occasion for the act; [2] the history
> of the relationship between employer and employee as spelled out in actual
> practice; [3] whether the act is one commonly done by such an employee; [4] the
> extent of departure from normal methods of performance; and [5] whether the
> specific act was one that the employer could reasonably have anticipated.

Id. at 303 (citations omitted).

Here, the United States Attorney for the Southern District of New York has certified that

Cooper was acting within the scope of her employment during the alleged incident.  (Tulis Decl.,

Ex. A.)  Freitas does not appear to dispute the certification.  Indeed, it appears that Cooper's only

connection to the events of this case is that she communicated with Freitas regarding the alleged

damage to his sunglasses in order to assist him in filing a claim.  (Simmons Decl. ¶ 4.)  This is

precisely what she is expected to do in her capacity as an employee of the TSA's Customer

Support and Property Recovery Office.  (Id. ¶ 3.)  Freitas allege no other facts relevant to the

scope-of-employment issue.

The Court therefore finds that Cooper was acting within the scope of her federal

employment at the time of the events giving rise to this action.  Accordingly, the United States is

properly substituted as the defendant in this action.

## II. Motion to Dismiss for Lack of Subject Matter Jurisdiction

The United States moves to dismiss Freitas's complaint for lack of subject matter

jurisdiction.  "A case is properly dismissed for lack of subject matter jurisdiction under Rule

12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."

Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  "A plaintiff asserting subject

matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."

Id.  Although "[t]he court must take all facts alleged in the complaint as true and draw all

reasonable inferences in favor of plaintiff, . . . jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." Morrison v. Nat'l Australia Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008) (internal quotation marks omitted), aff'd, 561 U.S. 247 (2010). Thus, "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) a district court may consider evidence outside the pleadings." Id. (citing Makarova, 201 F.3d at 113).

The FTCA "provides that upon certification, the action shall proceed in the same manner as any FTCA suit but 'shall be subject to the limitations and exceptions applicable to those actions.'" McHugh, 966 F.2d at 71 (quoting 28 U.S.C. § 2679(d)(4)). Thus, "the substituted defendant, the United States, may take advantage of numerous limitations on tort actions based on sovereign immunity that are not available to an individual defendant." Id. In particular, "[t]he FTCA requires that a claimant exhaust all administrative remedies before filing a complaint." Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 82 (2d Cir. 2005). The claimant "must first present the claim to the appropriate federal agency . . . within two years of the date the claim accrued" and "can only initiate his or her lawsuit once the claim has been denied by the agency (or if the agency has failed to make a decision within six months after the claim was filed)." Phillips v. Generations Family Health Ctr., 723 F.3d 144, 147 (2d Cir. 2013) (citing 28 U.S.C. § 2401(b) and 28 U.S.C. § 2675(a)). "This requirement extends to all suits, including those begun in state court," Celestine, 403 F.3d at 82, and it "applies equally to litigants with counsel and to those proceeding pro se," Adeleke v. United States, 355 F.3d 144, 153 (2d Cir. 2004).

"Because sovereign immunity is jurisdictional in nature, 'the terms of [the United States'] consent to be sued in any court [pursuant to the FTCA] define that court's jurisdiction to

entertain the suit.'" Fiore v. Medina, No. 11 Civ. 2264 (RJS), 2012 WL 4767143, at *7

(S.D.N.Y. Sept. 27, 2012) (quoting FDIC v. Meyer, 510 U.S. 471, 475 (1994)); see also Adeleke,

355 F.3d at 153. Thus, the FTCA exhaustion requirement "is jurisdictional and cannot be

waived." Celestine, 403 F.3d at 82. "The burden is on the plaintiff to both plead and prove

compliance with the statutory requirements." In re Agent Orange Prod. Liab. Litig., 818 F.2d

210, 214 (2d Cir. 1987).

TSA records indicate that Freitas has not filed an administrative tort claim with the TSA.

(Grimes Decl. ¶ 3.) Freitas does not allege or argue that he has. The Court therefore finds that

Freitas has failed to exhaust his administrative remedies as required by the FTCA and that,

consequently, the Court lacks subject matter jurisdiction over this action.

Freitas may nevertheless "file an administrative claim within sixty days following the

district court's dismissal, and [any future] claim in federal court w[ill] be treated—for statute-of-

limitations purposes—as if it had been filed on . . . the date that the original suit was filed in state

court." Celestine, 403 F.3d at 84 (emphasis removed); see also 28 U.S.C. § 2679(d)(5). "[T]he

proper course of action is [thus] for the district court to dismiss the claims without prejudice to

allow the litigant to institute a separate new action once exhaustion has been completed." Saleh

v. Holder, 470 F. App'x 43, 44 (2d Cir. 2012). Accordingly, the action is dismissed without

prejudice to Freitas to present his claim to the TSA within sixty days. See De Masi v. Schumer,

608 F. Supp. 2d 516, 525 (S.D.N.Y. 2009).

## CONCLUSION

Defendant's motion is granted.  The Clerk of Court is respectfully requested to close the

motion pending at docket number 2 and to close the case.

SO ORDERED.

Dated:        February 5, 2014
              New York, New York

Ronnie Abrams
United States District Judge

7